UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PABLO GOICO,

            Petitioner,

V.

JOSEPH F. DAVID,

            Respondent.

**REPORT AND RECOMMENDATION**

04-CV-1090
(TJM/VEB)

---

## I. INTRODUCTION

Petitioner Pablo Goico, proceeding *pro se*, commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is an inmate at the Oneida Correctional Facility. In 2001, he was convicted in a New York State court of Criminal Possession of a Weapon in the Third Degree and sentenced to seven years imprisonment. Petitioner contends that his conviction was imposed in violation of his constitutional rights and should therefore be vacated.

This matter was referred to the undersigned on November 5, 2007, by the Honorable Norman A. Mordue, Chief United States District Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 14).

## II. BACKGROUND

### A.   Facts

On October 17, 2000, at approximately 5:00 p.m., Petitioner fired several shots from a handgun following an argument with two men in a busy residential neighborhood in Utica,

New York. (T at 197-199, 203, 257-258, 280).[1] Petitioner was seventeen years old at the time. Witnesses at the scene were able to identify Petitioner from a photo array and Petitioner was subsequently arrested. One witness, Crystal Garcia, was familiar with Petitioner and attempted to stop the argument when Petitioner pulled out his gun and began firing. (T at 280, 284-285, 288).

On December 19, 2000, an Oneida County Grand Jury returned Indictment Number 2000-483, charging Petitioner with Criminal Possession of a Weapon in the Second Degree, in violation of New York Penal Law ("NYPL") §265.03(2),[2] and Reckless Endangerment in the First Degree, in violation of NYPL § 120.25.

### B.    State Trial Court Proceedings

The Honorable Barry M. Donalty, Oneida County Court Judge, presided over Petitioner's trial proceedings. The trial began on June 5, 2001. Petitioner was represented by Richard N. Bach, Esq. At the conclusion of the trial, the jury found Petitioner guilty of Criminal Possession of a Weapon in the Third Degree and acquitted him of Criminal Possession of a Weapon in the Second Degree and Reckless Endangerment in the First Degree. (T a t 424).

On August 7, 2001, Petitioner was sentenced to a determinate term of seven (7) years followed by a three (3) year period of post release supervision. (S at 7).[3]

---

[1] References preceded by "T" are to the transcript pages of Petitioner's trial.

[2] Unless otherwise indicated, all references to the NYPL are to McKinney 1998.

[3] References preceded by "S" are to the transcript pages of Petitioner's sentencing proceedings.

**C.     State Appellate Proceedings**

Petitioner, represented by V. Michael Liccione, Esq., appealed his conviction to the Appellate Division, Fourth Department, of the New York State Supreme Court.  Petitioner asserted two arguments before the Appellate Division: (1) trial counsel's request for a Rodriguez[4] hearing was improperly denied and that the identification procedure used by the police was unduly suggestive; and (2) that the sentence was unduly harsh.

In a decision issued on March 21, 2003, the Appellate Division affirmed Petitioner's conviction.  People v.Goico, 256 N.Y.S.2d 816 (4th Dep't 2003).  Petitioner's application for leave to appeal to the Court of Appeals was denied on July 10, 2003. People v.Goico, 100 N.Y.2d 581 (2003).

**D.  Federal Habeas Corpus Proceedings**

Petitioner, proceeding *pro se*, commenced this action on September 20, 2004, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). In his Petition, Petitioner asserts essentially the same two grounds for relief that he did before the Appellate Division: (1) the trial court erred in failing to conduct a Rodriguez hearing[5]; and (2) that his sentence was unduly harsh.  Thereafter, Respondent filed a Response and memorandum of law in opposition.  (Docket Nos. 10, 11).

---

[4] A hearing pursuant to People v. Rodriguez, 79 N.Y.2d 445 (1992), is held when the prosecution alleges that, by virtue of a prior relationship between a witness and the defendant, the witness is "impervious to police suggestion," and his identification is therefore untainted by an otherwise suggestive pretrial identification procedure, a "Rodriguez hearing" can be held for the purpose of establishing a "prior relationship" .

[5] This claim is slightly different than the one Petitioner asserted before the Appellate Division. Before the Appellate Division, Petitioner asserted that the identification procedure was unduly suggestive. In his habeas petition, Petitioner only argues that the trial court failed to hold a Rodriguez hearing.

For the reasons that follow, the petition should be DENIED.

## III. DISCUSSION

### A. Federal Habeas Corpus Standard

Federal habeas corpus review of a state court conviction is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal courts must give substantial deference to a state court determination that has adjudicated a federal constitutional claim "on the merits." 28 U.S.C. § 2254(d); Sellan v. Kuhlman, 261 F.3d 303, 309-10 (2d Cir. 2001). The Second Circuit has stated that an "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan, 261 F.3d at 313 (quotation omitted). The Second Circuit has also held that even a one-word denial of a petitioner's claim is sufficient to constitute an "adjudication on the merits" for purposes of AEDPA. Id. at 312-313.

Specifically, AEDPA requires that where a state court has adjudicated the merits of a Petitioner's federal claim, habeas corpus relief may not be granted unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

While both AEDPA and its predecessor statute recognize that a presumption of

correctness shall apply to state court findings of fact, Whitaker v. Meachum, 123 F.3d 714, 715 n. 1 (2d Cir. 1997), AEDPA also requires a Petitioner to rebut that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); LanFranco v. Murray, 313 F.3d 112, 117 (2d Cir. 2002). A presumption of correctness applies to findings by both state trial and appellate courts. Galarza v. Keane, 252 F.3d 630, 635 (2d Cir. 2001); Whitaker, 123 F.3d at 715 n.1.

In Williams v. Taylor, 529 U.S. 362, 413 (2000), the Supreme Court defined the phrases "contrary to" and "unreasonable application of" clearly established federal law. A state court decision is "contrary to clearly established federal law . . . if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." Id.

A state court decision involves "an unreasonable application of" Supreme Court case law if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the particular facts of [a] prisoner's case." Id.

Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. In order to grant the writ there must be "some increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

**B.      Petitioner's Claims**

As set forth above, Petitioner asserts that:(1) the trial court erred in failing to conduct a <u>Rodriguez</u> hearing; and (2) that his sentence was unduly harsh. This Court will address each claim in turn.

**1.   <u>Rodriguez</u> Hearing Claim**

Petitioner asserts that the trial court failed to conduct a <u>Rodriguez</u> hearing to resolve discrepancies in two police officers' testimony with respect to the identification procedure used to identify Petitioner. There were eye witnesses, including Crystal Garcia, who knew Petitioner independently and identified him as the shooter.

Petitioner fails to offer many supporting facts for this argument in the Petition. However, in an effort to better understand Petitioner's claim, this Court reviewed the briefs submitted to the Appellate Division on direct appeal. Although the appellate brief submitted on Petitioner's behalf is not much clearer, it appears that Petitioner objects to the identification testimony of eyewitness Crystal Garcia, who claimed to know Petitioner independently. <u>See</u> (Docket No. 11, Exhibit A (Petitioner's Brief before the Appellate Division)).

Petitioner's trial counsel first raised an objection to Garcia's testimony during a <u>Wade</u> hearing held on March 27, 2001. Specifically, trial counsel objected to Utica Police Officer Steven White's testimony with respect to Garcia's identification of Petitioner and her statement to the police that she had known him prior to the incident. (WH at 38-40) (References preceded by "WH" refer to the transcript pages of Petitioner's <u>Wade</u> hearing). Petitioner's trial counsel requested, unsuccessfully, that a <u>Rodriguez</u> hearing be held,

6

instead of a Wade[6] hearing, to determine whether Garcia's identification was confirmatory in nature. (WH at 38-40).

On direct appeal, the Appellate Division rejected the argument that the trial court was required to hold a Rodriguez hearing in addition to a Wade hearing. People v. Goico, 756 N.Y.S.2d 816.

In United States v. Wade, 388 U.S. 218, 236-37, 242, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the Supreme Court held that an evidentiary hearing was required to determine whether a witness's in-court identification of a defendant had "an independent source," apart from post-indictment identification in a line-up at which the defendant's counsel was not present, or whether, in any event, the introduction of the evidence was harmless error. The function of a Wade hearing is not only to test the fairness of the pretrial identification procedure in order to determine whether there may be trial testimony of the procedure itself, but also to determine whether the pretrial identification procedure was unduly suggestive-the witness has an independent basis for testifying at trial that the defendant is the perpetrator.

Under New York law, a defendant who challenges the admissibility of a witness' identification of him or her is presumptively entitled to a Wade hearing even if, on a motion to suppress the allegedly impermissibly suggestive procedures, the defendant fails to assert specific facts establishing the deficiency. See People v. Rodriguez, 79 N.Y.2d at 453; accord Alvarez v. Fischer, 170 F.Supp.2d 379 (S.D.N.Y.2001).

However, when the prosecution alleges that, by virtue of a prior relationship

---

[6]United States v. Wade, 388 U.S. 218 (1967).

between a witness and the defendant, the witness is "impervious to police suggestion," and his identification is therefore untainted by an otherwise suggestive pretrial identification procedure, a "Rodriguez hearing" can be held in lieu of a Wade hearing for the purpose of establishing a "prior relationship" foundation. People v. Rodriguez, 79 N.Y.2d at 452-53; People v. Vargas, 118 Misc.2d 477, 481, 461 N.Y.S.2d 678, 681 (N.Y.Sup.Ct.1983) ("Where the defendant is known to and is a familiar figure to the witness before the crime, there is virtually no danger of a trial misidentification owing to a pretrial viewing, whether corporeal or by photo. Where the witness-either the victim or some other eyewitness-knows the defendant, suggestiveness is irrelevant[.]") (citing People v. Tas, 51 N.Y.2d 915, 434 N.Y.S.2d 978, 415 N.E.2d 967 (N.Y.1980); People v. Gissendanner, 48 N.Y.2d 543, 423 N.Y.S.2d 893, 399 N.E .2d 924 (N.Y.1979)).

The purpose of a Rodriguez hearing is to establish that an identification is confirmatory when the court denies a request for a Wade hearing on that basis. See Rodriguez, 79 N.Y.2d at 449-450, 583 N.Y.S.2d 814, 593 N.E.2d 268; accord People v. Quinones, 5 A.D.3d 1093, 773 N.Y.S.2d 671 (4th Dept.2004).

However, where, as here, the trial court conducts a Wade hearing[7], there is no requirement that a Rodriguez hearing also be conducted. Youngblood v. Conway, 426 F.Supp.2d 107, 122 (W.D.N.Y. 2006)(cting Quinones, 5 A.D.3d at 1093, 773 N.Y.S.2d 671); cf. also Stallings v. Woods, 04 CV 4714, 2006 WL 842380, at *17 (E.D.N.Y. Mar.

---

[7]There is no dispute that a Wade hearing was conducted on March 27, 2001, before the Honorable Barry M. Donalty, and the transcript of that proceeding is a part of the record provided to the Court in these proceedings.

27, 2006) (holding that trial counsel's failure to request Rodriguez hearing was not ineffective assistance of counsel because court granted counsel's request for Wade hearing)

In the present case, because the trial court conducted a Wade hearing, Petitioner was not entitled to a hearing pursuant to People v. Rodriguez. Moreover, Petitioner's argument that the trial court failed to hold a Rodriguez hearing amounts to a claim based upon an alleged error of state law.

The Supreme Court clearly has held that the state is not required by the due process clause of the Fourteenth Amendment to conduct a hearing out of the jury's presence whenever a defendant contends that a witness' identification of him was arrived at improperly. Watkins v. Sowders, 449 U.S. 341, 345-50, 101 S.Ct. 654, 657-59, 66 L.Ed.2d 549 (1981); see also Brown v. Harris, 666 F.2d 782, 785 (2d Cir.1981), cert. denied, 456 U.S. 948, 102 S.Ct. 2017, 72 L.Ed.2d 472 (1982).

In Watkins v. Sowders, the Supreme Court declined to hold that due process requires a trial judge in all cases to hold a "fair hearing," Jackson v. Denno, 378 U.S. 368, 377, 84 S.Ct. 1774, 1780, 12 L.Ed.2d 908 (1964), to decide the admissibility of eyewitness identification. The Supreme Court noted that while "[a] judicial determination outside the presence of the jury of the admissibility of identification evidence may often be advisable" and may "[i]n some circumstances ... be constitutionally necessary[,]" it did "not follow that the Constitution requires a per se rule compelling such a procedure in every case." 449 U.S. at 349.

Thus, the right to a so-called "Rodriguez hearing" prior to trial to determine an

eyewitness' familiarity with the defendant is purely a creature of New York state decisional law and statutory law. Furthermore, courts in this Circuit have observed that New York's standard for determining when a pre-trial hearing on the suggestiveness of an identification procedure should be held "may be more rigorous than the federal doctrine as applied in this Circuit." Alvarez v. Fischer, 170 F.Supp.2d at 385-86 (citing Garcia v. Kuhlmann, 897 F.Supp. 728, 731 (S.D.N.Y.1995)).

Insofar as the decision as to whether to grant a Rodriguez hearing is solely a matter of state law, the general rule is that it is not reviewable on a habeas petition. Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.).

In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations omitted). Federal constitutional law does not give defendants a *per se* right to pre-trial or mid-trial hearings on the admissibility of identification testimony. Watkins v. Sowders, 449 U.S. at 349.

Because the Supreme Court has explicitly declared that there is no *per se* constitutional rule compelling an evidentiary hearing with regard to witness identification of an accused, and has not as yet clearly articulated the circumstances under which a pre-trial hearing may be constitutionally necessary, the state court's refusal to hold a Rodriguez hearing on the identification of Petitioner could not have been contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. Accord Alvarez v. Fischer, 170 F.Supp.2d at

384. Simply stated, Petitioner was not entitled, as a matter of federal constitutional law, to a pre-trial Rodriguez hearing regarding the identification of him. See, e.g., id; Garcia v. Kuhlmann, 897 F.Supp. at 731.

Accordingly, Petitioner's request for habeas relief with respect to his first claim should be DENIED.

### 2. Unduly Harsh Sentence Claim

Petitioner's second claim for habeas relief is that the sentence of seven years imprisonment was unduly harsh. Petitioner claims that the trial court improperly considered the charges he was acquitted on when deciding his punishment.[8]

A challenge to the term of a sentence does not present a cognizable constitutional issue if the sentence falls within the statutory range. White v. Keane, 969 F.2d 1381, 1383 (2d Cir.1992). A petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. See Fielding v. LeFevre, 548 F.2d 1102, 1109 (2d Cir.1977) (petitioner raised no cognizable federal claim by seeking to prove that state judge abused his sentencing discretion by disregarding psychiatric reports) (citing Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's

---

[8]Respondent argues that this claim must be denied as procedurally barred. In the interests of judicial economy and because Petitioner is not entitled to relief on this claim in any event, this Court will address the merits of the claim.

denial of habeas corpus.")).

Petitioner was sentenced to a determinate term of seven years for his conviction of Criminal Possession of a Weapon in the Third Degree (a Class D felony offense). (S at 27-28). New York Penal Law § 70.00(2)(d) provides that a sentence for a conviction of a Class D felony authorizes the court to impose a sentence that "shall not exceed seven years." Thus, Petitioner's sentence was within the statutory range.

As such, his claim that the sentence was unduly harsh is not cognizable on habeas corpus review. It is therefore recommended that Petitioner's second claim for habeas relief be DENIED.

## IV. CONCLUSION

For the reasons stated above, the Court recommends Pablo Goico's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the Petition be dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:   December 11, 2007

Syracuse, New York

**V. ORDERS**

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

December 11, 2007

_____
Victor E. Bianchini
United States Magistrate Judge